# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 20, 2018

| | |
|---|---|
| * * * * * * * * * * * * * | |
| DUANE GRADDY and GENA GRADDY, * | |
| Legal Representatives of a Minor Child, * | UNPUBLISHED |
| S.G., * | |
| * | Chief Special Master Dorsey |
| Petitioners, * | |
| * | No. 08-0416V |
| v. * | |
| * | Attorneys' Fees and Costs; Autism; |
| SECRETARY OF HEALTH * | Duplicative Work; Vague Entries |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

Clifford John Shoemaker, Shoemaker and Associates, Vienna, VA, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

      On June 6, 2008, Duane Graddy and Gena Graddy ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"), as legal representatives of a minor child, S.G. Petitioners alleged that after receiving the measles, mumps, and rubella vaccine ("MMR") on January 26, 2004, S.G. suffered "increasing encephalopathy and chronic inflammatory bowel syndrome resulting from a persistent low-grade fever from the MMR and the in-response treatment of antibiotics." Petition at 1. Petitioners

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B, however, the parties may objection to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

further alleged that the diphtheria, tetanus, pertussis vaccine S.G. received on April 28, 2004, "introduced or increased already present levels of toxic heavy metals, including mercury." Id. According to petitioners, these conditions "led to [a] significant yet gradual regression in development, which in turn led to a diagnosis of Autism Spectrum Disorder." Id.

On November 14, 2014, petitioners filed a motion asking to be included in the J.M. et al. (02-10V) omnibus case and status report indicating that they agreed to be bound by the omnibus ruling. The undersigned issued a decision dismissing both J.M. et al. and this case on August 31, 2017. J.M. et al. v. Sec'y of Health & Human Servs., 02-10V, 2017 WL 7409771 (Fed. Cl. Spec. Mstr. Aug. 31, 2017).

On November 29, 2017, petitioners filed a motion for attorneys' fees and costs. Petitioners' Application ("Pet. App.") (ECF No. 97). Petitioners request $21,441.25 in attorneys' fees, $302.78 in attorneys' costs, and $1,013.94 in petitioners' costs. Id. at 1.[3] Thus, petitioners request a total of $22,757.97 in fees and costs.

On December 12, 2017, respondent filed a response indicating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App. ("Res. Response") at 2 (citing § 15(e)(1)(A)-(B)) (ECF No. 98). "Respondent respectfully recommends the Chief Special Master exercise her discretion and determine a reasonable award of attorneys' fees and costs." Id. at 3.

**For the reasons discussed below, the undersigned GRANTS petitioner's motion and AWARDS $20,521.49 in attorneys' fees and costs and $1,013.94 in petitioner's costs.**

I. Discussion

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." §15(e)(3). Respondent has not objected to petitioners' application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioners brought their petition in good faith and with a reasonable basis, and therefore will award reasonable attorneys' fees and costs.

a. Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an

---

[3] Petitioners' counsel, Mr. Shoemaker, filed the motion and billing records, without pagination, as one document. The undersigned will use the page numbers generated by CM/ECF to identify particular entries.

initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson, 24 Cl. Ct. 482, 484, (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Hourly Rates

Petitioners seek attorneys' fees based upon the following hourly rates:

| Attorney | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|
| Shoemaker | $400 | $415 | $430 | $440 |
| Gentry | $375 | | | $430 |
| Knickelbein | $337 | | $365 | $378 |

In late 2016, Special Master Corcoran determined the attorneys at Mr. Shoemaker's law firm were entitled to attorneys' fees based on hourly forum rates. See Jaffri v. Sec'y of Health & Human Servs., No. 13-484V, 2016 WL 7319407, at *6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016) (finding the Davis exception set forth in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) did not apply). He awarded attorneys' fees based upon rates which fit within the forum rate ranges set forth in in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Jaffri, 2016 WL 7319407, at *4.

The undersigned has also awarded fees for work performed by the attorneys at Mr. Shoemaker's law firm based upon forum rates.  See Prokopeas v. Sec'y of Health & Human Servs., No. 14-1717V, 2017 WL 6763067, at *4 (Fed. Cl. Spec. Mstr. Dec. 5, 2017); Miller v. Sec'y of Health & Human Servs., No. 13-914V, 2016 WL 2586700, at *7 (Fed. Cl. Spec. Mstr. April 12, 2016).  As noted in Prokopeas, these rates conform to the forum rate ranges set forth in Office of Special Masters' 2015-2017 Fee Schedules[4] which are based upon the standards set forth in McCulloch.  Prokopeas, 2017 WL 6763067, at *3 n.8.  The undersigned finds petitioners are entitled to attorneys' fees based upon forum rates in this case.

With two exceptions, petitioner seeks attorneys' fees based upon hourly rates which have been previously awarded by the undersigned and other special masters.[5]  Petitioner has deviated from these rates in the following instances:

1. Ms. Gentry's 2017 rate: $430 requested, $424 previously awarded; and
2. Ms. Knickelbein's 2014 rate: $337 requested, $325 previously awarded.

See Prokopeas, 2017 WL 6763067, at *5; Cunningham, 2017 WL 4323145, at *4; Hooker, 2017 WL 3033940, at *26.  Petitioner has provided no reason why the undersigned should award attorneys' fees at these increased rates.  Additionally, the rate requested for work performed by Ms. Gentry, $430, is higher than the maximum for the range listed in Office of Special Masters' 2017 Fee Schedule for attorneys with similar experience as Ms. Gentry.  The undersigned finds the rates previously awarded to be reasonable.

Attorneys' fees are awarded based upon the following rates:

| Attorney | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|
| Shoemaker | $400 | $415 | $430 | $440 |
| Gentry | $375 | | | *$424* |
| Knickelbein | *$325* | $350 | $365 | $378 |

**All hourly rate adjustments result in a deduction of $158.40.**

---

[4] The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

[5] See  Prokopeas, 2017 WL 6763067, at *5; Cunningham v. Sec'y of Health & Human Servs., No. 13-483V, 2017 WL 4323145, at *3-4 (Fed. Cl. Spec. Mstr. Sept. 1, 2017); Hooker v. Sec'y of Health & Human Servs., No. 02-472V, 2017 WL 3033940, at *26 (Fed. Cl. Apr. 11, 2017); Mikkelson v. Sec'y of Health & Human Servs., No. 15-867V, 2016 WL 6803786, at*4 (Fed. Cl. Spec. Mstr. Oct. 3, 2016); Jaffri, 2016 WL 7319407, at *6-7; Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 3080574, at *3-4 (Fed. Cl. Spec. Mstr. May 10, 2016); Miller, 2016 WL 2586700, at *8.

### ii. Reduction of Billable Hours

In addition to this deduction due to a rate adjustment, the undersigned finds a reduction in the number of hours billed by Mr. Shoemaker is appropriate. Many of the entries in the billing records submitted are vague and reflect an excessive number of communications, both intra-office and with the other attorneys involved in the omnibus proceeding.[6] For example, the billing records include entries from November 14, 2014 through May 27, 2015, which are described as "Review pleading." See Pet. App. at 6. From July 10, 2015 through March 18, 2016, the majority of entries as simply "Review pleading." See id. at 7. Other entries indicated only "Email to Sabrina" or "Email from Sabrina." See id. at 5 (entries dated 10/16/2014 and 10/17/2014). Thus, it is difficult to understand the actual work Mr. Shoemaker performed and how it was relevant to petitioner's case. Petitioner has not provided information explaining why such vague billing entries are otherwise reasonable or necessary.

The undersigned has previously decreased an award of attorneys' fees for vagueness.[7] Other special masters as well as the undersigned have reduced fee awards for excessive and duplicative intra-office communication.[8] Additionally, the undersigned has previously reduced a petitioner's fee application when counsel bills for meetings between each other, as such billing is excessive and duplicative.[9] Petitioner has not provided a sufficient explanation of why it was necessary for Mr. Shoemaker to spend this amount of time.

---

[6] Out of the approximately 159 entries contained in the billing records for Mr. Shoemaker's work, more than 70 of the entries met this criteria. This time was also billed in Ms. Knickelbein's time and in billing records from the other attorneys with whom Mr. Shoemaker communicated.

[7] Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *8 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Barry v. Sec'y of Health & Human Servs., No. 12-39V, 2016 WL 6835542, at *8 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).

[8] See Lord v. Sec'y of Health & Human Servs., No. 12-255V, 2016 WL 3960445, at *7 (Fed. Cl. Spec. Mstr. June 13, 2016); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770, at *4 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

[9] Bondi v. Sec'y of Health & Human Servs., No. 12-476V, 2017 WL 1046526 (Fed. Cl. Spec. Mstr. Feb. 23, 2017) (reducing counsel's invoice for three law firm partners each billing time for case meetings and emails with each other).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

Taken as a whole, Mr. Shoemaker's billing entries were so vague that the undersigned could not understand much of the actual work that he performed and its relevance to the case. For this reason, the undersigned reduces the number of billable hours by 5 percent[10] to account for vague billing and excessive communications. **The attorneys' fees sought are further reduced by $1,064.14.**

### b. Attorneys' and Petitioners' Costs

Petitioners request $1,013.94 in out-of-pocket costs and $302.78 in attorneys' costs. Pet. App. at 1. These costs were expended to obtain, copy, and mail medical records and to pay the court's filing fee. Id. at 3-13 and 25-40. Like attorneys' fees, attorneys' costs must also be reasonable. Sabella, 86 Fed. Cl. at 206. The undersigned finds these costs reasonable and reimburses them in full.

### II. Conclusion

For the reasons set forth above, the undersigned finds that petitioners are entitled to an award of attorneys' fees and costs. The amount of the award is computed as follows:

| | |
|---|---|
| **Total Fees and Costs Requested:** | **$22,757.97** |
| | |
| **Attorneys' Fees:** | |
| Total Requested: | $21,441.25 |
| Reduction for Rate Adjustments: | ($158.40) |
| 5 % Reduction: | ($1,064.14) |
| **Total Awarded:** | **$20,218.71** |
| | |
| **Attorneys' Costs**: | |
| Total Requested: | $302.78 |
| Reduction | ($0.00) |
| **Total Awarded:** | **$302.78** |

---

[10] The undersigned is aware that "percentage reductions [of fee awards] are subject to heightened scrutiny." Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. at 702 (citing Guerrero v. Sec'y of Health & Human Servs., 120 Fed. Cl. 474, 481-82 (2015) (quoting International Rectifier Corp. v. Samsung Electrics Co., 424 F.3d 1235, 1239 (Fed. Cir. 2005))). In this case, the undersigned has provided a "concise but clear explanation as to why the fee reduction is justified" as required. Id. (internal citations omitted).

**Petitioner's Costs:**
    Total Requested:                                                                            $1,013.94
    Reduction:                                                                                ($0.00)
    **Total Awarded:**                                                                   **$1,013.94**

**Accordingly, the undersigned awards $<u>21,535.43</u> in fees and costs as follows:**

1. **$20,521.49 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's attorney, Clifford John Shoemaker; and**

2. **$1,013.94 in petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court shall enter judgment in accordance herewith.[11]

    **IT IS SO ORDERED.**

                                                                       <u>s/Nora Beth Dorsey</u>
                                                                       Nora Beth Dorsey
                                                                       Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.